J. S59042/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHANE MCCULLOUGH, | : | |
| | : | |
| Appellant | : | No. 749 WDA 2015 |

Appeal from the Judgment of Sentence June 18, 2014
In the Court of Common Pleas of Erie County
Criminal Division No(s).: CP-25-CR-0000190-2014

BEFORE: BOWES, DONOHUE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED SEPTEMBER 30, 2015**

Appellant, Shane McCullough, appeals from the judgment of sentence entered in the Erie County Court of Common Pleas after he pleaded guilty to criminal trespass,[1] criminal mischief,[2] and theft from a motor vehicle.[3] He challenges the discretionary aspect of his sentence. Appellant claims the trial court failed to consider significant and compelling mitigating factors and his rehabilitative needs and potential. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3503(a)(11).

[2] 18 Pa.C.S. § 3304(a)(5).

[3] 18 Pa.C.S. § 3934(a).

The facts are unnecessary for our disposition. On June 18, 2014, Appellant was sentenced to twelve to thirty-six months' imprisonment for criminal trespass, nine to twenty-four months' imprisonment for criminal mischief, and six to twelve months' imprisonment for theft from a motor vehicle. The sentences were concurrent. On November 13, 2014, Appellant filed a *pro se* Post Conviction Relief Act[4] ("PCRA") petition. Counsel was appointed and filed a supplement to the PCRA petition. On March 6, 2015, Appellant's request for collateral relief was granted and his right to file a post-sentence motion was reinstated. On March 16, 2006, Appellant filed a post-sentence motion *nunc pro tunc*. On April 17, 2015, the court denied the motion for modification of sentence. This timely appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court filed a responsive opinion.

Appellant raises the following issue for our review: "Whether the sentencing court failed to consider and afford due weight to the various mitigating factors in regard to the sentence that was imposed?" Appellant's Brief at 2.

Appellant challenges the discretionary aspect of his sentence.

> Initially, we must determine whether Petitioner has the right to seek permission to appeal the sentencing court's exercise of its discretion. Where a defendant pleads guilty without any agreement as to sentence, the defendant retains the right to petition this Court for allowance of

---

[4] 42 Pa.C.S. §§ 9541-9546.

appeal with respect to the discretionary aspects of sentencing.

***Commonwealth v. Brown***, 982 A.2d 1017, 1018-19 (Pa. Super. 2009) (citation omitted).

This Court has stated,

> discretionary aspects of . . . sentence . . . are not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test.
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015) (some citations omitted).

Instantly, Appellant timely appealed, preserved his issue in his post sentence motion, and included a Pa.R.A.P. 2119(f) statement in his brief. Accordingly, we ascertain whether Appellant has raised a substantial question. ***See id.***[5]

---

[5] This Court has held that a "Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated . . . ." ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*). Appellant's 2119(f) statement

Appellant contends his sentence was manifestly excessive in disregarding several mitigating factors, specifically, his acceptance into Father Peterson's in Spartansburg prior to sentencing.[6] Appellant's Brief at 5. A representative of the facility, Joe Tarquenio, was scheduled to appear at sentencing and advocate for his placement in the program as a sentencing alternative. *Id.* However, the representative was not present at the time of sentencing. *Id.* Appellant avers the court did not take into consideration his alcohol and drug use at the time of the commission of the

---

failed to include a statement of where his sentence fell within the sentencing guidelines. Appellant's Brief at 4. However, as the Commonwealth did not argue a defect in his Rule 2119(f) statement, we decline to find waiver. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1271 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014).

[6] Appellant does not cite any legal authority in support of this argument. This Court has stated:

> [I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Pa.R.A.P. 2119(a), (b), (c). Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b).
>
> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (some citations omitted). Instantly, we decline to find waiver as this defect does not impede our ability to conduct meaningful appellate review. ***See id.***

underlying criminal conduct. *Id.* The court failed to consider the fact that he had a minor child. *Id.*

Generally, where the sentence is in the standard range, as in the case *sub judice*, "a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013). However, a claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. *Commonwealth v. Mouzon*, 812 A.2d 617, 624 (Pa. 2002).

In his Rule 2119(f) statement, Appellant avers:

> As to the instant case and the sentence at issue, the fundamental norm violated was that the sentencing scheme imposed by the [c]ourt was manifestly excessive and not individualized, in that the court failed to consider significant and compelling mitigating factors and [Appellant's] rehabilitative needs and potential. The sentencing scheme could have served the interests of the public and recognized the rehabilitative prospects of [A]ppellant without imposing such a lengthy sentence.

Appellant's Brief at 4.

We find that Appellant's Rule 2119(f) statement presents a substantial question.[7] *See Mouzon*, 812 A.2d at 624. Therefore, we will review the merits of Appellant's challenge to the discretionary aspects of his sentence.

---

[7] We note the trial court found that Appellant did not raise a substantial question. Nonetheless, the court addressed the issue, "[a]ssuming the

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

More specifically, 42 Pa.C.S.A. § 9721(b) offers the following guidance to the trial court's sentencing determination:

> [T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

Furthermore,

> Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S. § 9781(c). Under 42 Pa.C.S. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the

---

Honorable Superior Court finds otherwise . . . ." Trial Ct. Op., 6/2/15, at 2. The court found the claim to be meritless. *See id.* at 2-4. "We may affirm the trial court on any ground." *Commonwealth v. Lynch*, 820 A.2d 728, 730 n.3 (Pa. Super. 2003).

> findings that formed the basis of the sentence, and the sentencing guidelines. The weighing of factors under 42 Pa.C.S. § 9721(b) is exclusively for the sentencing court, and an appellate court could not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S. § 9781(c).

***Commonwealth v. Bricker***, 41 A.3d 872, 875-76 (Pa. Super. 2012) (alterations and some citations omitted).

Our Supreme Court has stated:

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. **Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.** This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. . . .

***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988) (emphasis added).

At the sentencing hearing, the record reveals the following:[8]

---

[8] We note that Appellant's probation was revoked at the hearing. N.T., 6/18/14, at 8. The Commonwealth stated to the court that the instant

[Defense Counsel]: [Appellant's] been in jail . . . . He's had time to talk and to think. I've talked to him quite a bit. I think he has some insight into what he's doing. On his own he got ahold [sic] of Joe Tarquinio of the Maria House Project, who will accept him.

He has some mental health issues that put him on SSD [Social Security Disability]. . . . The crimes are relatively small. We'd ask for him to have a chance to work with Mr. Tarquinio. He believes that substance abuse is his issue.

The Court: . . . Mr. McCullough, I did receive a letter from you. Is there anything you would like to say, sir?

[Appellant]: I'm making no excuses for my actions. I need help. I've lost my son to OCY like 19 months ago and I just went down a deep, dark spiral of drinking and it's gotten me in trouble. And I really need help.

\* \* \*

[The Commonwealth]: . . . In terms of looking at his history here, his adult history, we have a robbery in Florida in 2008, a trespass in 2009, simple assault here in Erie in 2010, and then strings of just nuisance offenses, disorderly conduct, public drunkenness, all the way up until you sentence him for possessing with the intent to deliver marijuana and you give him probation. He's put on probation in September of 2013, and it looks like just within a few months he's committing a new offense. It's classified not a serious offense, but he broke into someone's property and was smashing windows on vehicles.

\* \* \*

The Court: . . . **I've considered** of number of things here, **the presentence investigative report** on the new

_____

conviction was the basis for the revocation. *Id.* at 5. The court sentenced Appellant to seven to fourteen months' imprisonment with credit for 210 days. *Id.* The court discharged him on that offense. *Id.*

- 8 -

> offense in its entirety and I'm going to make that part of the record. I've also considered [Appellant's] letter. I'm going to make that a part of the record and attach it to the presentence report. I've also considered the revocation summary, and I'm going to make that a part of the record. I've considered the Pennsylvania Sentencing Code, the guidelines as they apply to the new offenses, and the various statements made here to me today.

N.T. at 5-8.

Appellant's argument that the trial court ignored all mitigating factors is belied by the record. The court considered mitigating factors in imposing the sentence. Furthermore, the court considered the presentence report. **See id.**; **Devers**, 546 A.2d at 18. Accordingly, after examining the record as a whole, we find that the trial court's sentence was not manifestly excessive. We discern no abuse of discretion. **See Bricker**, 41 A.3d at 875-76.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2015